UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

DR. JOHN WINSTON, III,

    Plaintiff,

v.                                                    Case No. 5:20-CV-00515-JKP

STATE FARM LLOYDS,

    Defendant.

## ORDER GRANTING MOTION

Before the Court is *Defendant State Farm Lloyds' Motion for Summary Judgment Regarding Plaintiff's Bad Faith Claims* (ECF No. 52). With the filing of the response (ECF No. 54) and reply (ECF No. 55) and having heard the arguments of the parties, the motion is ripe for ruling. For the reasons set forth below, the Court grants the motion.

**Background**

This case arises out of a dispute between Plaintiff Dr. John Winston III (Dr. Winston) and Defendant State Farm Lloyds (State Farm) regarding a claim for damage to Dr. Winston's residence caused by a hail storm in San Antonio, Texas in April 2019. ECF No. 54 at 1. State Farm filed the instant motion for partial summary judgment on March 11, 2022. ECF No. 52. Following the filing of Dr. Winston's response, ECF No. 54, and State Farm's reply, ECF No. 55, the Court heard the arguments of the parties on April 19, 2022. State Farm moves for summary judgment on Dr. Winston's extra-contractual claims brought under Chapter 541 of the Texas Insurance Code.

**Legal Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The "party seeking summary judgment always bears the initial responsibility of informing the

district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has carried its summary judgment burden, the burden shifts to the non-movant to establish a genuine dispute of material fact. *Id.* at 324. When considering a motion for summary judgment, courts view all facts and reasonable inferences drawn from the record "in the light most favorable to the party opposing the motion." *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 234 (5th Cir. 2016) (citation omitted).

**Applicable Law**

"The Texas Supreme Court has recognized a duty on the part of insurers to deal fairly and in good faith with their insureds." *Bates v. Jackson Nat'l. Life Ins. Co.*, 927 F. Supp. 1015, 1021 (S.D. Tex. 1996) (citing *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 340 (Tex. 1995)). "An insurer breaches its duty of good faith and fair dealing when 'the insurer had no reasonable basis for denying or delaying payment of a claim, and the insurer knew or should have known that fact.'" *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 50-51 (Tex. 1997) (citations omitted) *accord Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 133 (Tex. 2019); *see also Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997) ("Plainly put, an insurer will not be faced with a tort suit for challenging a claim of coverage if there was any reasonable basis for denial of that coverage."). In other words, the insured bears the burden to prove that "there were no facts before the insurer which, if believed, would justify denial of the claim." *Higginbotham*, 103 F.3d at 459 (citing *State Farm Lloyds Inc. v. Polasek*, 847 S.W.3d 279, 284 (Tex. App.—San Antonio 1992, writ denied)).

"[T]he issue of bad faith does not focus on whether the claim was valid, but on the reasonableness of the insurer's conduct in rejecting the claim." *Lyons v. Miller Cas. Ins. Co.*, 866 S.W.2d 597, 601 (Tex. 1993). "As long as the insurer has a reasonable basis to deny or delay payment of a claim, even if that basis is eventually determined by the fact finder to be erroneous, the insurer is not liable for the tort of bad faith." *Higginbotham*, 103 F.3d at 459 (citing *Lyons*, 866 S.W.2d at 600).

Although whether an insurer acted in bad faith can be a question for the jury, "courts routinely determine as a matter of law that undisputed record evidence establishes an insurer had a reasonable basis for denying or delaying a claim payment" or that "an insured has failed to present evidence sufficient to support a bad faith claim." *Alvarez v. State Farm Lloyds*, No. SA-18-CV-01191-XR, 2020 WL 1033657, at *4 & n.2 (W.D. Tex. Mar. 2, 2020).

An insurer is obligated to adequately investigate a claim before denying it. *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 56 n.5 (Tex. 1997). "The scope of the appropriate investigation will vary with the claim's nature and value and the complexity of the factual issues involved." *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44–45 (Tex. 1998). If an insurer fails to conduct a reasonable investigation, it cannot assert that a bona fide coverage dispute exists. *Id.*, 963 S.W.2d at 44. An insurer fails to reasonably investigate a claim if the investigation is conducted as a pretext for denying the claim. *See, e.g., State Farm Lloyds v. Nicolau*, 951 S.W.2d 444, 458 (Tex. 1997) (finding that where there is evidence that an expert's report was not objectively prepared, summary judgement is not appropriate); *Simmons*, 963 S.W.2d at 45 (finding an "outcome-oriented" investigation unreasonable). "An insurer does not act in bad faith where a reasonable investigation reveals the claim is questionable." *United Services Auto. Ass'n v. Croft*, 175 S.W.3d 457, 471 (Tex. App.—Dallas 2005, no pet.).

**Discussion**

It is undisputed that Dr. Winston reported the hail damage to State Farm on April 14, 2019. *Id.* Adjuster Wayne Guillot inspected the property on April 19, 2019. *Id.* at 1, 11. Mr. Guillot prepared an estimate that included repairs to "gutters, downspouts, window screens and panes, interior repairs from broken windows, re-staining exterior doors and replacement of the garage doors." ECF No. 52-1 ¶ 5. The estimate also suggested that the roof could be repaired rather than replaced—meaning that

damaged roof tiles could be replaced individually rather than replacing the entire roof—and included an estimate for these repairs.

State Farm issued a check for $9,666.31 on April 25, 2019, representing the estimate to repair the damage to the home, less depreciation and deductible.[1] ECF No. 54-3. Dr. Winston disagreed with State Farm's determination that the roof could be repaired and invoked appraisal. ECF No. 54-1 at 29. The appraisal panel set the loss at $122,949.44. ECF Nos. 52 at 5; 54 at 1; 54-4 at 2. State Farm participated in the appraisal process but stood on its contention that there was no need to replace all the roof tiles; rather, damaged tiles could be individually replaced, i.e. repaired with "LifeTile Sentry Slate tile." ECF No. 54-4. State Farm therefore deducted $91,138.71 from the appraisal award and issued a second check in the amount of $18,781.82. *Id.* at 3. Dr. Winston questioned the suitability and availability of the roof tiles State Farm proposed to replace the individually damaged tiles and asked State Farm to provide samples. ECF No. 54-1 at 38, 39, 45. State Farm did not produce any samples and despite his efforts, Dr. Winston was unable to obtain samples of the proposed tiles. ECF No. 54-6 at 96-98.

State Farm moves for summary judgment contending that the undisputed facts do not evince bad faith or a failure to conduct a reasonable investigation. Dr. Winston contends a fact issue exists as to the reasonableness of State Farm's investigation of the claim. ECF No. 54 at 3. Dr. Winston points to State Farm's failure to indicate in its initial correspondence regarding coverage that it would cover repair only; its sending Dr. Winston on a "wild goose chase" to find individual replacement tiles; the timing of State Farm's obtaining an expert opinion; and its refusal to pay the appraisal award as evidence of bad faith and failure to conduct a reasonable investigation.

The Court agrees that the undisputed facts do not evince bad faith or a failure to conduct a reasonable investigation. First, the parties agree that the dispute over the appraisal award and State

---

[1] State Farm's file characterizes this as "payment issued [with] partial denial." ECF No. 54-1 at 29.

Farm's refusal to pay the full award is contractual in nature and any amount State Farm is obligated to pay is a question for the jury. Second, while apropos in the context of prompt payment or mitigation arguments, the tile-sourcing debacle does not prove bad faith. *See* ECF No. 54-1. Finally, Dr. Winston does not point to evidence that the adjuster's estimate was not objectively prepared or that State Farm's reliance on his estimate was unreasonable. *See* ECF No 52-1 at 1-20 (Ex. A & A-1). Moreover, the policy provides that State Farm "will pay up to the applicable limit of liability shown in the Declarations, the reasonable and necessary cost to repair or replace with common construction and for the same use on the premises shown in the Declarations, the damaged part of the property covered[.]" ECF No. 52-1 at 173. Consequently, the Court cannot find that at the time it partially denied the claim (ECF No. 54-1 at 29), State Farm's decision that the roof could be repaired was unreasonable.

**Conclusion**

For the reasons set forth above, the Court **GRANTS** *Defendant State Farm Lloyds' Motion for Summary Judgment Regarding Plaintiff's Bad Faith Claims* (ECF No. 52). Plaintiff's bad faith claims are dismissed. The contractual and prompt payment claims shall proceed.

**It is so ORDERED this 22nd day of April 2022.**

*[Signature: Jason Pulliam]*
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**