UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JOHN H. WINSTON III,**

   *Plaintiff*,

v.                                        Case No.  SA-20-CV-00515-JKP

**STATE FARM LLOYDS,**

   *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant State Farm Lloyds' Motion for New Trial, pursuant to Federal Rule of Civil Procedure 59(a). ECF No. 115. Plaintiff John H. Winston III did not respond and the deadline to do so has passed. The motion is ripe for ruling. After reviewing State Farm's motion, the record, and the applicable law, the Court **DENIES** the motion.

## BACKGROUND

This case arises from a dispute between Dr. Winston and his homeowner's insurance carrier, State Farm. In April 2019, Dr. Winston filed a claim with State Farm for hailstorm damage to his home. State Farm paid Dr. Winston based on its inspector's assessment of the damage. Dr. Winston was dissatisfied with the payment because the parties disagree about the extent of the damage—specifically, Dr. Winston contends that his roof needs to be replaced, while State Farm believes it could be repaired. When the parties reached an impasse, Dr. Winston invoked an appraisal clause in the parties' contract to determine the actual amount of loss. The appraisal was conducted in October 2019, finding that $91,138.71 was necessary to replace the roof. State Farm continued to maintain that the roof did not need to be replaced. As

such, State Farm reduced the appraisal award by $91,138.71 and paid Dr. Winston the amount it estimated was necessary to repair the roof and address other damages to the home, less depreciation and the deductible. All told, State Farm paid Dr. Winston $28,193.74 for hail damage. At issue in the case was whether State Farm breached the parties' contract by refusing to pay to replace Dr. Winston's roof. The case went to trial and a jury found that State Farm breached the contract. The Court, therefore, entered final judgment in favor of Dr. Winston.

State Farm now timely brings this Motion for New Trial, pursuant to Federal Rule of Civil Procedure 59(a), arguing the Court should grant a new trial because its decisions about how appraisal-related issues would be presented at trial caused jury confusion and prejudiced State Farm. For the reasons discussed herein, the Court disagrees.

## DISCUSSION

Rule 59(a) codifies a court's historic power to grant a new trial based on its assessment of the "fairness of the trial and the reliability of the jury's verdict." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612–13 (5th Cir.1985). The rule does not specify what grounds are necessary to support a court's decision to grant a new trial—to the contrary, it gives courts broad discretion to grant a new trial for any reason that courts previously granted a new trial. *Id*. at 613. For example, a new trial may be granted "if the court finds that the verdict is against the weight of evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Id*. In this case, State Farm argues a new trial is appropriate because the Court's decisions about appraisal-related issues led to confusion of the issues presented to the jury and substantially and unfairly prejudiced State Farm.

Specifically, State Farm offers three reasons why the Court should grant its request for a new trial: (1) the Court erroneously admitted appraisal-related evidence; (2) the Court

erroneously denied State Farm's motion for mistrial following an appraiser's trial testimony; and (3) the Court improperly used policy language in the jury charge. State Farm relies on an informal, post-verdict discussion with jurors to support its contention that State Farm was unfairly prejudiced. The Court considers each of State Farm's arguments below, ultimately finding the Court properly considered and ruled on each of State Farm's objections in the context of the trial.

### I. Evidence of the Appraisal

A trial court's evidentiary decisions are reviewed for abuse of discretion. *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 233 (5th Cir. 2016). A court abuses its discretion when its ruling "is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Id*. A court's evidentiary decisions are only reversed for an error that affects the substantial rights of the parties, not harmless error. *Id*. The party asserting the error has the burden of proving the error was prejudicial. *Ball v. LeBlanc*, 792 F.3d 584, 591 (5th Cir. 2015).

The Court's decision to admit some, but not all appraisal-related evidence properly balanced State Farm's interest in excluding potentially prejudicial evidence with Dr. Winston's interest in presenting his case to the jury. Before trial, State Farm filed a motion in limine seeking a broad, sweeping exclusion of "[a]ny evidence, testimony, comment, or argument regarding the appraisal process, any reference to the appraisal award, or any testimony by the appraisers." ECF No. 60, p. 2. State Farm filed a brief in support of its motion, and Dr. Winston filed a response. ECF Nos. 73, 79. State Farm argued evidence of the appraisal was irrelevant under Federal Rule of Evidence 401 and, in the alternative, if the Court found it was relevant, its probative value was substantially outweighed by the danger of unfair prejudice to State Farm, pursuant to Federal Rule of Evidence 403. After reviewing the parties' briefings and the

applicable law—and discussing the limine request with both parties in chambers and in the Final Pretrial Conference—the Court determined the parties' interests would be best served by admitting some, but not all appraisal-related evidence at trial.

The dispute in this case arose from State Farm's refusal to pay the appraised amount to replace Dr. Winston's roof. As such, the Court determined the appraisal award was relevant—and granting State Farm's request to exclude all appraisal-related evidence at trial would deprive Dr. Winston of the opportunity to make his case. At the same time, State Farm raised a valid concern that evidence of the appraisal award could be interpreted by the jury as conclusive evidence of State Farm's breach, thus prejudicing State Farm. To strike a balance between the parties' interests, the Court decided to admit limited evidence of the appraisal. Specifically, the Court excluded the detailed appraisal award, but admitted a summary of its findings as to the amount of loss sustained. The Court also allowed Dr. Winston's appraiser, Russell Yalowsky, to testify as a fact witness, with an appropriate limiting instruction. In the Final Pretrial Conference, the Court indicated this approach would cure any perception by the jury that the appraisers' findings were dispositive in this case. Final Pretrial Conference Transcript, June 15, 2022, p. 23:19–24:9; p. 26:14–22.

Nothing in State Farm's motion for new trial leads the Court to conclude its evidentiary ruling was clearly erroneous. In the motion before the Court, State Farm offers the same arguments it made to support its motion in limine. Namely, State Farm argues appraisal-related evidence should not have been presented to the jury because the appraisers had no authority to determine whether State Farm was liable for replacing Dr. Winston's roof. Indeed, the Court agrees the appraisers lacked authority to determine State Farm's liability. Under the terms of the parties' policy agreement, appraisers have "no authority to decide questions of law, questions of

coverage, or other contractual issues." ECF No. 115, p. 8. Even so, the parties agreed the appraisal award was binding as to the amount of loss sustained. For this reason, the Court determined appraisal-related evidence was admissible to demonstrate the loss to Dr. Winston's property. This evidence was particularly relevant in the event the jury determined State Farm breached its contract with Dr. Winston. Without this evidence, the jury would have no evidence regarding damages. The jury was notified of the limited purpose for which the appraisal award was admitted on multiple occasions by the Court and by State Farm's counsel, David Stephens. *See e.g.,* Trial Transcript, June 22, 2022, p. 5:20–6:6 (Court's limiting instruction prior to Mr. Yalowsky's testimony); Trial Transcript, June 22, 2022, p. 15:9–18 (Mr. Stephens' questioning of Mr. Yalowsky, confirming the appraisal award was limited by the "policy terms, conditions and exclusions"); Trial Transcript, June 23, 2022, p. 22:17–21; p. 26:16–23 (Mr. Stephens' closing argument, describing the appraisal award's effect on the question before the jury). *See also* Verdict Form, ECF No. 101, p. 2 (quoting the policy agreement on the limits of appraisal). The Court, therefore, finds its decision to admit limited appraisal-related evidence was not clearly erroneous.

## II.   Russell Yalowsky's Testimony

State Farm further contends the Court erred in denying State Farm's motion for mistrial following appraiser Mr. Yalowsky's testimony. Prior to trial, the Court defined the limited scope of Mr. Yalowsky's testimony in its final pretrial order, which said, "appraisers may not testify about whether roof replacement or repair was appropriate…." ECF No. 87, p. 8. When Mr. Yalowsky took the stand, the Court issued the following limiting instruction:

> "Mr. Yalowsky is an appraiser who has been invited to testify to his personal observations while present at Dr. Winston's home in 2019. The jury is instructed not to consider Mr. Yalowsky's testimony as that of a person who has special training or

> experience in a technical field. Other witnesses will be permitted to state their opinions on technical matters in this case. Mr. Yalowsky is invited solely for the purpose of describing his factual observations."

Trial Transcript, June 22, 2022, p. 5:20–6:6. Despite this instruction, Dr. Winston's attorney asked Mr. Yalowsky if an appraiser can determine whether roof replacement or repair was appropriate and, before Mr. Stephens could object, Mr. Yalowky answered affirmatively. The Court immediately sustained Mr. Stephens' objection and instructed the jury to disregard Mr. Yalowsky's answer, clarifying that the question of whether roof replacement or repair was appropriate "is what the jury is here to determine." Trial Transcript, June 22, 2022, p. 18:22–19:7.

In a bench conference following Mr. Yalowsky's testimony, State Farm moved for a mistrial, arguing Mr. Yalowsky's testimony violated the Court's limiting instruction. Trial Transcript, June 22, 2022, p. 24:19–25:15. The Court denied State Farm's motion, finding that, although a violation did occur, the Court appropriately addressed the violation by immediately sustaining State Farm's objection and instructing the jury to disregard Mr. Yalowsky's previous statement. *Id*. Nothing in State Farm's motion presently before the Court calls into question the appropriateness of the Court's earlier ruling. The Court, therefore, finds its ruling denying State Farm's motion for mistrial was proper.

**III.   The Jury Charge**

State Farm further argues the Court's decision to use policy agreement language in the jury charge confused the jury. The parties agreed that the question before the jury was whether State Farm breached the policy agreement; however, State Farm sought to add a predicate question to the breach of contract question, asking whether Dr. Winston's roof could be repaired or needed to be replaced. According to State Farm's theory of the case, if the jury found the roof

6

could be repaired, State Farm did not breach. In a discussion with the parties outside the presence of the jury, the Court explained its concern with State Farm's proposed approach. Trial Transcript, June 22, 2022, p. 181:9–14. The Court indicated that State Farm's proposed instruction was too "far afield" of the Texas Pattern Jury Charges, which recommend using the policy language in the jury charge. *Id*. Specifically, the Court read from the comments to PJC 101.57, which state:

> The description of covered loss submitted to the jury should include any coverage language and any exception to an exclusion on which the insured relies. *Telepak v. United States Automobile Ass'n*, 887 S.W.2d 506, 507 (Tex. App.—San Antonio 1994, writ denied). When instructions are given, they generally should follow the terms of the policy. *International Travelers Ass'n v. Marshall*, 114 S.W.2d 851, 852 (Tex. 1938); *Mutual Life Insurance Co. of New York v. Steele*, 570 S.W.2d 213, 217 (Tex. Civ. App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.). It may be error to submit an instruction that does not sufficiently track the policy language. See *Aetna Life Insurance Co. v. McLaughlin*, 380 S.W.2d 101, 105 (Tex. 1964); *New York Underwriters Insurance Co. v. Coffman*, 540 S.W.2d 445, 450 (Tex. Civ. App.—Fort Worth 1976, writ ref'd n.r.e.).

The Court therefore decided to include the actual policy language in the jury charge, rather than adopting either side's description of what constituted a breach.

The Court explained that including the actual policy language would allow the parties to make their arguments without giving the impression that the Court was favoring one side over the other. Trial Transcript, June 22, 2022, p. 181:9–14. Indeed, the Court's jury charge included policy language that supports State Farm's theory of the case. Specifically, the jury charge says the appraisers "have no authority to decide (1) any other questions of fact; (2) questions of law; (3) questions of coverage; [or] (4) other contractual issues…" Verdict Form, ECF No. 101, p. 2. In his closing argument, Mr. Stephens described the question before the jury as follows:

> The appraisal award sets a value to the amount of loss, and it's incumbent upon you and you will be asked to deliberate and determine and weigh the evidence to make that decision should it—is it repairable or does it need to be replaced?
> Trial Transcript, June 23, 2022, p. 22:17–21.
>
> Now, with regard to the appraisal award, it sets the amount of loss. So if the ladies and gentlemen of the jury determined, eh, you know, I think that the roof really needs to be replaced for whatever reasons, I disagree with that. I think the evidence overwhelmingly suggests or states otherwise. But then that would be the number. That's when it's binding, after coverage is determined, after you answer that question on repair versus replacement, what is fair and reasonable?
> Trial Transcript, June 23, 2022, p. 26:16–23.

In these statements, State Farm clearly articulated its theory of the case. The jury heard State Farm's arguments and returned its verdict in favor of Dr. Winston. The Court finds no reason why limiting the jury charge to the language of the policy agreement would confuse the jury when State Farm so clearly explained its interpretation of the language.

To support its contention that the jury was confused, State Farm relies on Mr. Stephens' declaration recounting an informal, post-verdict conversation with jurors. As an initial matter, State Farm characterizes this conversation as "jury polling," which it was not. After the jury entered its verdict, the Court asked the parties if they wanted to poll the jury and the parties declined. Trial Transcript, June 23, 2022, p. 42:10–12. The Court then dismissed the jury and invited the parties to the jury room to talk informally, to find out what the jury thought of the trial. *Id*. The purpose of the conversation was to get jurors' impressions of how the trial was conducted, see what resonated with them, and find out what they thought of the attorneys' performance.

State Farm relies on an out-of-circuit, 30-year-old case to support its assertion that jury polling can factor into a Court's decision to grant a motion for new trial, but that case is not even

8

persuasive support for State Farm's position. *See Grossheim v. Freightliner Corp.*, 974 F.2d 745, 753 (6th Cir. 1992). The *Grossheim* jury twice informed the court it was deadlocked before returning its verdict and then, because two jurors seemed distressed when the verdict was read, the court polled the jurors individually. Upon polling, one of the jurors was so equivocal that the *Grossheim* court ultimately set the verdict aside and declared a mistrial. In this case, the Court gave the parties the opportunity to poll the jurors and they declined. The jury gave no indication that it was split, nor was there any evidence of juror misconduct. The Court therefore rejects State Farm's argument that the jury was confused based on Mr. Stephens' recounting of an informal conversation with jurors.[1] Nothing in the record before it leads the Court to conclude that the jury's verdict was anything less than fully informed and unanimous.

## CONCLUSION

For the reasons stated, the Court **DENIES** State Farm's Motion for New Trial.

It is so ORDERED.
SIGNED this 14th day of October, 2022.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE

---

[1] In any event, Mr. Stephens' declaration is inadmissible under Federal Rule of Evidence 606(b)(1), which provides that "[d]uring an inquiry into the validity of a verdict," evidence "about any statement made or incident that occurred during the jury's deliberations" is inadmissible.